UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   Case No.:2:13-cv-04879-SJF-AKT
Jarrett R. Jenkins,
      Plaintiff,

  -against-

First Fin. Inv. Fund VI, LLC
First Financial Investment Fund Holdings, LLC

      Defendant(s),
-----------------------------------------------------------X

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 21 2014   ★

LONG ISLAND OFFICE

### PLAINTIFF'S MOTION TO SHOW CAUSE WHY CONTEMPT OF COURT SHOULD NOT BE ORDERED

Comes now the Plaintiff, Jarrett R. Jenkins. Pursuant to FRCP 45 Plaintiff, Jarrett R. Jenkins, respectfully moves this Court for an order of contempt against Kirschenbaum & Phillips, P.C. ("K & P") and Glass Mountain Capital, LLC ("GMC") for not complying with valid subpoenas that was served upon them.

### Introduction

1. Plaintiff's is Jarrett R. Jenkins and Defendants are First Financial Investment Fund VI, LLC and First Financial Investment Fund Holdings, LLC.

2. Plaintiff sued Defendants for violations of the Fair Debt Collection Practices Act, (FDCPA) and the Telephone Consumer Protection Act, (TCPA).

3. On February 14, 2014 Plaintiff served discovery materials upon the non parties to this action K & P and GMC by causing subpoenas to be issued to both firms.

4. K & P was served with a subpoena dated February 14, 2014 by USPS certified mail (7012 1010 0003 5815 2022) which they received on February 18, 2014 and GMC was served with a subpoena also dated February 14, 2014 by USPS certified mail (7012 1010 0003 5815 2046) which they received on February 18, 2014. (See *Exhibit-2*)

RECEIVED

MAR 2  2014

EDNY PRO SE OFFICE

5. Both firms were requested to produce "Any & all documents, &/or telephone call logs and email records related to the collection efforts of an alleged debt owed by Jarrett R. Jenkins, Internal ID-10045132, Acct #: 5542852700962861 this includes any and all information transmitted to or received by any credit reporting agency. Effective dates from 4/01/11 to present." by March 18, 2014. The Plaintiff waited until March 21, 2014 which gave both K & P and GMC exactly thirty days to comply with the subpoenas before he filed this motion. Neither K & P nor GMC filed any objections under FRCP 45 to the subpoenas or made any attempt to modify or quash the subpoenas that were served upon them. By not raising any kind of objections to the valid subpoenas they effectively made any attempts of opposing this motion moot and warrantless.

## Argument and Brief in Support

6. The court may hold a party in contempt of court if the party was properly subpoenaed and the party does not abide by the subpoena and does not serve objections or file a motion to quash. *See* FRCP 45(e); ***U.S. v. Karlen***, 645 F.2d 635, 639 (8th Cir.1981).

7. The scope of non party discovery under FRCP 45 is the same as that for party discovery—a party can discover any nonpriviliged matter that is relevant to any party's claim or defense.

8. The Court should grant Plaintiff's motion and find K & P and GMC in contempt for the following reasons:

    a. The subpoenas that were issued and served upon Kirshcenbaum & Phillips and Glass Mountain Capital were valid and properly served.

    b. K & P and GMC had adequate time given to them to respond with any objections and or enough time to ask for a modification of the subpoenas or to even quash them altogether. Furthermore because they did not object to the subpoenas finding them in contempt is the

only remedy for their act.

   c. Information and or materials being sought was/is nonpriviliged and pertinent to the case.

   d. FRCP 45 is the only discovery method available to non parties.

9. Plaintiff states that the information requested by the Plaintiff is relevant and admissible at trial.

WHEREFORE PREMISES CONSIDERED the Plaintiff requests the Court finds the non parties to this action Kirschenbaum & Phillips, P.C. and Glass Mountain Capital, LLC in contempt of court and also request they be sanctioned appropriately and expeditiously.

                                        Respectfully submitted,

March 21, 2014

                                        _____
                                        Jarrett R. Jenkins, Plaintiff
                                        334 Locust Street, Apt-1
                                        West Hempstead, NY 11552-3044
                                        516-841-3132
                                        jrobertjenkins@gmail.com

# CERTIFICATE OF SERVICE

March 21, 2014

Frank Mazza
P.O. Box 321
West Hempstead, NY 11552-0321

I hereby certify under the penalty of perjury that I mailed a copy of the "Motion to Show Cause Why Contempt Should Not Be Granted" directed to Glass Mountain Capital, LLC, and Kirschenbaum & Phillips, P.C., mentioned herein dated March 21, 2014 in reference to 13-cv-04879(SJF) (AKT) to Jonathan D. Elliot who is the Attorney of record for the Defendants First Fin. Inv. Fund VI, LLC and or First Financial Investment Fund Holdings, LLC by USPS Certified Mail (7008 1140 0003 9219 0131) on March 21, 2014 at 1000 Lafayette Boulevard, Suite 500, Bridgeport, CT 06604-4721

To: Glass Mountain Capital, LLC by USPS Certified Mail (7008 1140 0003 9219 0148) at
1930 Thoreau Drive N., Suite-100, Schaumburg, IL 60173-4179

To: Kirschenbaum & Phillips, P.C. by USPS Certified Mail (7008 1140 0003 9219 0155) at
40 Daniel Street, Suite-7, Farmingdale, NY 11735-9806

Frank Mazza (As Server)

4

2:13-cv-04879-SJF-AKT

**EXHIBIT-2**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X  Case 2:13-cv-04879-SJT-AKT

Jarrett R. Jenkins,

                        Plaintiff,

    -against-

First Fin. Inv. Fund VI, LLC                     **NOTICE OF SUBPOENA**
First Financial Investment Fund Holdings, LLC

                        Defendants,
------------------------------------------------------------X

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,

Plaintiff Jarrett R. Jenkins will cause a subpoena, in the form attached, to be served on

Kirschenbaum & Phillips, P.C., 40 Daniel Street, Suite-7, Farmingdale, NY 11735-9806, with a

return date of March 18, 2014.

Dated: West Hempstead, New York
        February 14, 2014

                                                      _____
                                                      Jarrett R. Jenkins, Plaintiff
                                                      334 Locust Street, Apt-1
                                                      West Hempstead, NY 11552-3044
                                                      516-841-3132
                                                      jrobertjenkins@gmail.com

TO:     Jonathan D. Elliot Attorneys for Defendents
          Zeldes, Needle & Cooper
          1000 Lafayette Boulevard, Suite 500
          Bridgeport, CT 06604-4721

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | | |
|---|---|---|
| Jarrett R. Jenkins | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. CV-13-04879 |
| First Financial Investment Fund Holdings, LLC | ) | |
| First Fin. Inv. Fund VI, LLC | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Kirschenbaum & Phillips, P.C.
        40 Daniel Street, Suite-7, Farmingdale, NY 11735-9806

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any & all documents, &/or telephone call logs and email records related to the collection efforts of an alleged debt owed by Jarrett R. Jenkins, Internal ID-10045132, Acct #: 5542852700962861 this includes any and all information transmitted to or received by any credit reporting agency. Effective dates from 4/01/11 to present.

| Place: Jarrett R. Jenkins<br>334 Locust Street, Apt-1<br>West Hempstead, NY 11552-3044 | Date and Time:<br>03/18/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/14/2014    DOUGLAS C. PALMER

*CLERK OF COURT*

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jarrett R. Jenkins
_____, who issues or requests this subpoena, are:

N/A

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 2:13-cv-04879-SJF-AKT Document 24 Filed 03/21/14 Page 8 of 17 PageID #: 116

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# CERTIFICATE OF SERVICE

February 14, 2014

Frank Mazza
P.O. Box 321
West Hempstead, NY 11552-0321

I hereby certify under the penalty of perjury that I mailed a copy of the "NOTICE OF SUBPOENA" directed to Kirschenbaum & Phillips, P.C., along with the "SUBPOENA" mentioned herein dated February 14, 2014 in reference to 13-cv-04879(SJF) (AKT) to 40 Daniel Street, Suite-7, Farmingdale, NY 11735-9806 by USPS Certified Mail (7012 1010 0003 5815 2022) on February 14, 2014.

_____
Frank Mazza (As server)



**UNITED STATES POSTAL SERVICE**

Date: March 15, 2014

Jarrett Jenkins:

The following is in response to your March 15, 2014 request for delivery information on your Certified Mail™ item number 70121010000358152022. The delivery record shows that this item was delivered on February 18, 2014 at 1:46 pm in FARMINGDALE, NY 11735. The scanned image of the recipient information is provided below.

Signature of Recipient : 
F FLORES

Address of Recipient :
40 DANIEL ST STE 7

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X   Case 2:13-cv-04879-SJT-AKT
Jarrett R. Jenkins,

                         Plaintiff,

    -against-

First Fin. Inv. Fund VI, LLC                    **NOTICE OF SUBPOENA**
First Financial Investment Fund Holdings, LLC

                         Defendants,
------------------------------------------------------------X

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Jarrett R. Jenkins will cause a subpoena, in the form attached, to be served on Glass Mountain Capital LLC, 1930 Thoreau Drive N., Suite-100, Schaumburg, IL 60173-4179, with a return date of March 18, 2014.

Dated:  West Hempstead, New York
           February 14, 2014

                                                        _____
                                                        Jarrett R. Jenkins, Plaintiff
                                                        334 Locust Street, Apt-N
                                                        West Hempstead, NY 11552-3044
                                                        516-841-3132
                                                        jrobertjenkins@gmail.com

TO:    Jonathan D. Elliot Attorneys for Defendents
         Zeldes, Needle & Cooper
         1000 Lafayette Boulevard, Suite 500
         Bridgeport, CT 06604-4721

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Jarrett R. Jenkins )<br>_Plaintiff_ )<br>v. )<br>First Financial Investment Fund Holdings, LLC )<br>First Fin. Inv. Fund VI, LLC )<br>_Defendant_ ) | Civil Action No. CV-13-04879 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Glass Mountain Capital LLC.,
1930 Thoreau Drive N., Suite-100, Schaumburg, IL 60173-4179

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any & all documents, &/or telephone call logs and email records related to the collection efforts of an alleged debt owed by Jarrett R. Jenkins, Internal ID-10045132, Acct #: 5542852700962861 this includes any and all information transmitted to or received by any credit reporting agency. Effective dates from 4/01/11 to present.

| Place: Jarrett R. Jenkins/ CO /Rodney Smith<br>21154 Whitney Drive<br>Matteson, IL 60443-3045 | Date and Time:<br>03/18/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __02/14/2014__  DOUGLAS C PALMER

_CLERK OF COURT_

_____  OR  _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Jarrett R. Jenkins__
_____ , who issues or requests this subpoena, are:

N/A

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 2:13-cv-04879-SJF-AKT   Document 24   Filed 03/21/14   Page 14 of 17 PageID #: 122

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# CERTIFICATE OF SERVICE

February 14, 2014

Frank Mazza
P.O. Box 321
West Hempstead, NY 11552-0321

I hereby certify under the penalty of perjury that I mailed a copy of the "NOTICE OF SUBPOENA" directed to Glass Mountain Capital, LLC, along with the "SUBPOENA" mentioned herein dated February 14, 2014 in reference to 13-cv-04879(SJF) (AKT) to 1930 Thoreau Drive N., Suite-100, Schaumburg, IL 60173-4179 by USPS Certified Mail (7012 1010 0003 5815 2046) on February 14, 2014.

_____
Frank Mazza (As server)



**UNITED STATES POSTAL SERVICE**

Date: March 15, 2014

Jarrett Jenkins:

The following is in response to your March 15, 2014 request for delivery information on your Certified Mail™ item number 70121010000358152046. The delivery record shows that this item was delivered on February 18, 2014 at 11:14 am in SCHAUMBURG, IL 60173. The scanned image of the recipient information is provided below.

Signature of Recipient: *O. Ansani*

Address of Recipient: *1930 Thoreau Loo*

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Case 2:13-cv-04870-SJF-AKT   Document 24   Filed 03/21/14   Page 17 of 17 PageID #: 125